Sutiono v. Lynch

BIA
Poczter, IJ
A088 479 548

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand fifteen.

PRESENT:
JOSÉ A. CABRANES,
ROBERT D. SACK,
GERARD E. LYNCH,
*Circuit Judges.*

_____

EDISON SUTIONO,
        *Petitioner,*

v.                                                          14-2377
                                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
        *Respondent.*

_____

FOR PETITIONER:            Joshua Bardavid, New York, N.Y.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR RESPONDENT:** Benjamin C. Mizer, Acting Assistant Attorney General; Michelle G. Latour, Deputy Director; Victor M. Lawrence, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Edison Sutiono, a native and citizen of Indonesia, seeks review of a June 3, 2014, decision of the BIA affirming an April 6, 2012, decision of an Immigration Judge ("IJ") denying Sutiono's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Edison Sutiono,* No. A088 479 548 (B.I.A. June 3, 2014), *aff'g* No. A088 479 548 (Immig. Ct. N.Y. City Apr. 6, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review

2

are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009). The agency did not err in finding that Sutiono failed to establish past persecution or a well-founded fear of persecution.

Past Persecution

We have recognized that a valid past persecution claim can be based on harm other than threats to life or freedom, "includ[ing] non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006) (citing *Tian-Yong Chen v. INS*, 359 F.3d 121, 128-29 (2d Cir. 2004)), but the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). "We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). Here, the agency explicitly considered the harm Sutiono suffered cumulatively as required, *see Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005), and reasonably concluded that, while unfortunate, the harm did not constitute persecution because it did not cause him any specific, significant economic or physical consequences, *see*

3

*Mei Fun Wong*, 633 F.3d at 72; *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).

The agency also did not err in alternatively finding that Sutiono failed to establish that the Indonesian government was unable or unwilling to protect him. *See Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015) ("Private acts can . . . constitute persecution if the government is unable or unwilling to control such actions."). Sutiono only reported one incident to police, and he does not cite any country conditions evidence to support a finding that the police do not protect ethnic Chinese Indonesians.

Because Sutiono did not demonstrate past persecution, he was not entitled to a presumption of a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1).

Well-Founded Fear of Persecution

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The applicant must show either that he would be singled out for persecution or that the country of removal has a pattern or

4

practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii). The agency did not err in finding that Sutiono failed to demonstrate a well-founded fear of persecution.

The agency reasonably questioned the objective reasonableness of Sutiono's claimed fear of persecution because his parents and brother had remained unharmed in Indonesia for the five years between his departure from that country and his merits hearing. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Sutiono does not challenge that finding. Moreover, as the IJ noted, the U.S. State Department's 2010 Human Rights Report stated that the Indonesian government officially promoted ethnic tolerance and that, although some institutional discrimination existed, ethnic Chinese Indonesians played a role in the Indonesian economy and, increasingly, in Indonesian politics. The report did not mention any incidents of violence against ethnic Chinese Indonesians, despite elsewhere discussing violence against other groups.

Accordingly, the agency did not err in finding that Sutiono failed to demonstrate a well-founded fear of persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005)

5

(providing that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best."); *see also Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (finding no error in the agency's determination that there was not a pattern or practice of persecution against ethnic Chinese or Catholic Indonesians); *In re A-M-*, 23 I. & N. Dec. 737, 741-42 (BIA 2005). That finding was dispositive of Sutiono's claims for asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk